# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | Case No. 1:15-cv-00450-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND** |
| v. | (Doc. No. 18) |
| BALDEV SINGH, individually and dba QUICK STOP MINI MART, et al., | |
| Defendants. | |

## I. INTRODUCTION

On September 16, 2015, Plaintiff Ronald Moore ("Plaintiff") filed a motion to amend the complaint. No opposition was filed by either Defendant Baldev Singh or Parkash Singh, individually and dba Quick Stop Mini Mart (collectively, "Defendants"). For the reasons set forth below, Plaintiff's motion to amend the complaint is GRANTED.

## II.  BACKGROUND

Plaintiff filed suit on March 20, 2015, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), the California Unruh Act, and a claim that Plaintiff was denied full and equal access to public facilities in violation of California state law.  (Doc. 1.)  A scheduling order was issued on July 21, 2015.  The parties' joint scheduling report noted Plaintiff anticipated filing an amended complaint, and the deadline to seek amendment to the complaint, either by stipulation or by motion, was set for October 23, 2015.  (Doc. 17.)

On September 16, 2015, Plaintiff filed a motion to amend the complaint after he was unable to obtain a stipulation to file an amended complaint from Defendants.  (Doc. 18.)

## III.  DISCUSSION

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a).  *Id.*  Further, undue delay alone is insufficient to justify denial of a motion to amend.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

Here, Plaintiff seeks to amend the complaint to allege additional barriers found at Defendants' facility as a result of a property inspection that occurred after the scheduling order was issued.  As it pertains to prejudice to the Defendants, the motion to amend has been made within the scheduling deadline to seek amendment, the non-expert discovery deadline is set for March 25, 2016, and Defendants have adequate time to address the additional barriers included in the proposed First Amended Complaint.  The basis for the claims has been known to all the parties since discovery was opened and amendment of the complaint in this regard was anticipated.  There appears to be no undue delay on the part of Plaintiff in seeking amendment and no evidence of bad faith in amending the complaint in the proposed manner.  Finally, no party has opposed Plaintiff's motion to amend.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED;
2. Plaintiff may file an amended complaint that comports to the proposed First Amended Complaint attached as an exhibit to their motion within three (3) days from the date of this order; and
3. Defendants shall file an amended answer within the time required by Federal Rule of Civil Procedure 15(a)(3).

IT IS SO ORDERED.

Dated:   **October 1, 2015**                             **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE